5

FILED

OCT 13 2010

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN G. YOUNGOLDIS,

        Plaintiff,                      CIVIL ACTION NO. 02-71600

v.                                   DISTRICT JUDGE BERNARD A. FRIEDMAN

COMMISSIONER OF               MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION
## TO GRANT DEFENDANT'S MOTION TO
## RE-INSTATE AND AFFIRM DEFENDANT'S DECISION ON REMAND (D/E #7)

### I. Introduction

This Social Security case comes before the court on defendant's Motion to Re-instate and Affirm Defendant's Decision on Remand (D/E #7). Plaintiff filed a response to that motion (D/E #17). Plaintiff is currently receiving benefits and does not object to the motion so long as his benefits are not affected. For the reasons stated below, the court recommends that defendant's motion be **GRANTED** and that this case be closed.

### II. Background

On January 14, 2000, plaintiff protectively filed an application for Supplemental Security Income (SSI), alleging that he was disabled due to Hepatitis C, diabetes, diabetic neuropathy,

-1-

diabetic retinopathy, constant pain, migraines, numbness in his back and dizziness, with an onset date of June 1, 1994. (Tr. 45-53)

The Social Security Administration (SSA) denied plaintiff's application on December 11, 2000. (Tr. 30-33) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 34-35) An administrative hearing was held on February 8, 2002 before ALJ Thomas L. Walters. (Tr. 469) Plaintiff, represented by appointed counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE). (Tr. 469) On March 27, 2002, ALJ Walters issued a decision denying plaintiff's claim. (Tr. 466-481)

On April 24, 2002, plaintiff filed the complaint in this action, pursuant to 42 U.S.C. § 406(b), and sought judicial review of the decision that he was not entitled to benefits (D/E #1). On June 26, 2002, the parties filed a Stipulation to Remand pursuant to sentence six of 42 U.S.C. § 405(g) in order to further develop the record and, on July 9, 2002, the Honorable Bernard A. Friedman entered an order remanding the case to the Commissioner of Social Security (D/E #6).

Following remand, ALJ Ethel M. Revels held a hearing with respect to plaintiff's claims on February 28, 2006. (Tr. 924-973) At that hearing, plaintiff amended his claim to a claim for a closed period of disability from January 14, 2000 to September 1, 2003. (Tr. 926-927) Another hearing was held before ALJ Revels on May 16, 2006. (Tr. 974-976)

On June 29, 2006, ALJ Revels issued a partially-favorable decision finding plaintiff disabled from August 22, 2002 through September 1, 2003. (Tr. 15-28) Plaintiff, acting *pro se*, subsequently requested review of that decision. (Tr. 13-14) On June 12, 2009, the Appeals

Council declined plaintiff's request for review because plaintiff failed to submit the proper statements within the required time period. (Tr. 9-10)

On July 9, 2010, the Commissioner filed the Motion to Re-instate and Affirm the Decision (D/E #7). In that motion, the Commissioner describes the history of the case and asserts that, based on the history of the case, the court should affirm the Commissioner's decision on remand, dismiss the civil action, and enter final judgment in favor of the Commissioner.

Also on July 9, 2010, this case and the pending motion were reassigned to this court pursuant to Administrative Order 10-AO-013 (D/E #9, #12). Following the reassignment, this court issued an order requesting a response to the motion to re-instate and affirm (D/E #14). On August 9, 2010, plaintiff's counsel filed a letter indicating that he had not represented plaintiff in over four years and that he had no way of contacting plaintiff (D/E #15). Subsequently, this court deemed that letter as a motion to withdraw as counsel, which the court also granted, and set a new deadline for the response (D/E #16).

On September 2, 2010, plaintiff filed a response to the motion to re-instate and affirm (D/E #17). In that response, plaintiff states that he is unclear as to what matters remain and that he has been receiving benefits since September 24, 2009. Plaintiff also states that he will be satisfied so long as his benefits remain intact.

### III. Discussion

As described above, the last time this case was in the United States District Court for the Eastern District of Michigan, it was remanded pursuant to sentence six of 42 U.S.C. § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a

remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Shalala v. Schaefer, 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). This case falls in the former category. When a case is remanded pursuant to sentence six, the district court retains jurisdiction over the case. Marshall v. Commissioner of Social Sec., 444 F.3d 837, 841 (6th Cir. 2006).

Given the history of this case, the Commissioner's motion is primarily a matter of case management and the motion to re-instate and affirm should be granted. Plaintiff received a partially-favorable decision after remand and, while he initially appealed that partially-favorable decision, he failed to pursue that appeal. Moreover, plaintiff's response to the Commissioner's motion indicates that he is currently receiving benefits from a subsequent application for benefits and that he is satisfied with the decision following remand in this case. Accordingly, this court recommends that the Commissioner's motion to re-instate and affirm the decision on remand be granted.

**IV. Conclusion**

Therefore, for the reasons stated above, the court recommends that defendant's motion be **GRANTED** and that this case be closed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

Virginia M. Morgan
United States Magistrate Judge

Dated: 10/13/10